

**NOT FOR PUBLICATION**

MAY 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAVITAR GILL, AKA Pivitar Gill, AKA Gill Pavitar, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71919 <br><br> Agency No. A093-186-483 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2014[**]
San Francisco, California

Before: RIPPLE,[***] SILVERMAN, and GOULD, Circuit Judges.

Pavitar Gill, an Indian citizen, petitions for review of an order of the Board

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") denial of his applications for withholding of removal under 8 U.S.C. § 1231(b)(3) and for protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. For the following reasons, we deny the petition.

## A.

The law and the evidence of record support the BIA's determination that Mr. Gill is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3).

First, the BIA applied the correct legal standard. It stated that Mr. Gill had to demonstrate that he "more likely than not" would be persecuted if he returned to India, *Delgado v. Holder*, 648 F.3d 1095, 1101 (9th Cir. 2011) (internal quotation marks omitted), and that his actual or imputed religious beliefs or political opinion would be "one central reason" for that persecution, *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010) (internal quotation marks omitted); *see also Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010).

Second, substantial evidence supports the Board's determination that

---

[1] Although Mr. Gill also applied for asylum and adjustment of status, Mr. Gill did not appeal the IJ's rulings on those issues to the BIA or raise them in his petition to this court.

Mr. Gill has not met this standard. Assuming, as did the BIA, that Mr. Gill and his father had testified credibly before the IJ, the record evidence shows that police in Punjab wished to speak with Mr. Gill about his association with Ajmer Singh, a suspected Sikh insurgent allegedly killed by the police during a period of substantial Sikh unrest throughout Punjab. However, the record shows that Mr. Gill had no interactions with the police; that the police never threatened or engaged in violence against Mr. Gill or his family; and that, when Mr. Gill left home to stay with his aunt in another village in India, the police never located or questioned him.

Mr. Gill nevertheless points to his father's testimony that, on his most recent visit to India in 2007, the police asked him about Mr. Gill's whereabouts. This encounter might suggest a continued police interest in questioning Mr. Gill, but it is not sufficient to demonstrate a *likelihood* of persecution or that the persecution would be motivated by Mr. Gill's religion or political opinion. Finally, Mr. Gill submits that, during the late 1990s to the 2000s, the Punjab area saw a revival of the Sikh insurgency and a corresponding police crackdown. However, Mr. Gill fails to show that the revival and crackdown are ongoing today or that he could not avoid any potential violence by relocating outside of Punjab.

**B.**

The law and the evidence of record also support the determination of the Board that Mr. Gill is not eligible for CAT protection.

First, the Board correctly determined that, in order to be eligible for CAT protection, Mr. Gill must demonstrate that it is more likely than not that he will be tortured with the consent or acquiescence of the Indian authorities if he returns to India. 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

Second, substantial evidence supports the BIA's determination that Mr. Gill is not entitled to CAT protection. Mr. Gill presented no evidence of past torture, *see id.* § 208.16(c)(3)(i), and no evidence that he could not avoid torture if he relocated from Punjab to a different area of India, *see id.* § 208.16(c)(3)(ii). With respect to conditions in present-day India, *see id.* § 208.16(c)(3)(iii)-(iv), Mr. Gill relies on the police crackdown in Punjab and the general prevalence of violence and torture against police detainees in India. Although the Board determined that this situation, combined with his father's testimony that the police had asked about Mr. Gill's whereabouts as recently as 2007, might suggest a *possibility* of torture, it also concluded that the evidence does not establish that it is more likely than not that Mr. Gill will be tortured. We must conclude that the Board's determination is supported by substantial evidence. The record does not "compel a reasonable

4

factfinder to reach a contrary conclusion." *Bromfield v. Mukasey*, 543 F.3d 1071, 1076 (9th Cir. 2008).

## C.

Finally, we note that Mr. Gill's arguments that the *IJ* improperly applied certain legal standards in determining whether he was eligible for withholding of removal or for CAT protection[2] are outside the scope of our review. On appeal, we review only the final agency decision—here, the BIA's decision. *See Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1080-81 (9th Cir. 2008). Because the BIA did not rely on the IJ's "particularly serious crime" analysis as a basis for its decision, any faults in that legal analysis are outside the scope of our review. *See*

---

[2] The IJ denied Mr. Gill's applications for withholding of removal and for CAT protection on a different ground than the BIA did. The IJ held that Mr. Gill's conviction under California state law for possession of methamphetamine for sale was a "particularly serious crime" that rendered him ineligible for both forms of relief. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R § 208.16(d)(2). In reaching this conclusion, the IJ held that Mr. Gill could not overcome the presumption established in *In re Y-L-*, 23 I. & N. Dec. 270, 274 (A.G. 2002), that a drug-trafficking crime is a "particularly serious crime."

On appeal, Mr. Gill contends (1) that the IJ's reliance on *In re Y-L-* was impermissibly retroactive under *Miguel-Miguel v. Gonzales*, 500 F.3d 941 (9th Cir. 2007), because *In re Y-L-* was decided four years after Mr. Gill committed the relevant offense; and (2) that the IJ should have conducted a more in-depth analysis about whether Mr. Gill overcame the *In re Y-L-* presumption.

5

*Gonzales v. Thomas*, 547 U.S. 183, 185-87 (2006) (per curiam); *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943). The Board properly determined that the IJ's analysis need not be outcome determinative and permissibly based its own determination on Mr. Gill's failure to demonstrate his entitlement to withholding of removal or to CAT protection.

      **PETITION FOR REVIEW DENIED.**